UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFRED CONHAGEN, INC.                    CIVIL ACTION
OF LOUISIANA

VERSUS                                   NO: 15-3687

RUHRPUMPEN, INC. and                     SECTION: R(1)
WALDEMAR S. NELSON AND
COMPANY, INC.

## ORDER AND REASONS

Plaintiff Alfred Conhagen, Inc. moves the Court to remand this case.[1]

Defendant Waldemar S. Nelson and Company moves the Court to dismiss

Conhagen's claims against it for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).[2]   For the following reasons, the Court grants

Conhagen's motion to remand and denies Nelson's motion to dismiss as moot.


## I.    BACKGROUND

On July 23, 2015, Plaintiff Alfred Conhagen, Inc. sued defendants

Ruhrpumpen, Inc. and Waldemar S. Nelson and Co. in Orleans Parish Civil

District Court, alleging violations of Louisiana law.[3]  The facts surrounding the

---

[1]    R. Doc. 7.

[2]    R. Doc. 8.

[3]    *See* R. Doc. 1-1 at 3.

incident giving rise to this dispute, as stated in Conhagen's state-court petition, are as follows.

In April 2014, Healtheon, Inc., a New Orleans-based general contractor that is not a party to this litigation, began developing a design team to bid on a NASA project, which involved installing a pump at an industrial water plant.[4] Healtheon hired defendant Nelson, a New Orleans-based engineering firm, to provide design services.[5]  Healtheon wanted plaintiff Conhagen to supply and install the pump.[6]

Nelson proposed using a pump manufactured by defendant Ruhrpumpen for the NASA project.[7]  Furthering this idea, Nelson solicited a quote for the pump from Ruhrpumpen in May 2014.[8]  Nelson then communicated Ruhrpumpen's price quote to Conhagen for Conhagen to include in its subcontracting bid to Healtheon.[9]  Conhagen prepared its subcontracting bid using the Ruhrpumpen price quote that Nelson

---

[4]    R. Doc. 7-2 at 1 ¶ III.

[5]    *Id.*

[6]    *Id.*

[7]    *Id.* at 2. ¶ IV.

[8]    *Id.* at ¶ V.

[9]    *Id.* at ¶¶ V - IX.

communicated to Conhagen, and Conhagen sent its bid to Healtheon on May 27, 2014.[10]

One month later, on June 27, 2014, Healtheon accepted Conhagen's subcontracting bid, and Nelson provided Healtheon's final specifications to Conhagen on July 24, 2014.[11]  On July 30, 2014, Conhagen requested a final quote from Ruhrpumpen.[12]  When Ruhrpumpen responded, it quoted Conhagen a price more than $1 million higher than its original quote.[13] When Conhagen asked about the price discrepancy, Ruhrpumpen explained that it generated its original quote without knowing the proper specifications of the project and without having any "real understanding of the job scope."[14] Ruhrpumpen further explained that the original quote was "so inaccurate based on the specs that were generated."[15]

Instead of paying Ruhrpumpen's higher price for the pump it needed for the NASA project, Conhagen purchased a replacement pump from another

---

[10]     *Id.* at ¶ IX.

[11]     *Id.* at 2, 3 ¶¶ XII-XIII.

[12]     *Id.* at 3 ¶ XVI.

[13]     *Id.* at ¶ XVIII.

[14]     *Id.* at 4 ¶ XXIII.

[15]     *Id.*

supplier.  This replacement pump still cost more than the price Ruhrpumpen originally quoted, causing Conhagen to suffer substantial monetary damages.[16]

In its petition, Conhagen specifically alleges two causes of action against both Ruhrpumpen and Nelson: detrimental reliance, under article 1967 of the Louisiana Civil Code; and negligence, under article 2315 of the Louisiana Civil Code.[17]  Ruhrpumpen timely removed the action to this Court on August 21, 2015, on the basis of diversity jurisdiction.[18]  Ruhrpumpen does not dispute that Conhagen and Nelson are nondiverse litigants.  Rather, Ruhrumpen argues that Nelson is an improperly joined defendant because "Conhagen's allegations totally fail to state a claim against Nelson."[19]

Conhagen now moves to remand its action to Orleans Parish Civil District Court.[20]  Conhagen argues that complete diversity does not exist because it has asserted valid state-law causes of action against Nelson.

---

[16]    *Id.* at 5 ¶ XXVIII.

[17]    *Id.* at 6 ¶ XXXIV.

[18]    R. Doc. 1.

[19]    R. Doc. 10 at 4.

[20]    R. Doc. 7.

4

Ruhrpumpen opposes the motion to remand, again on the basis of improper joinder.[21]

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant may not remove under section 1332, however, if a nondiverse party is properly joined as a defendant.

The burden of demonstrating improper joinder is a heavy one because the doctrine is a narrow exception to the rule of complete diversity.  *See Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 580 n.8 (5th Cir. 2004) (en banc).  The party seeking removal may establish improper joinder by showing (1) actual fraud in pleading jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the nondiverse defendant.  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015).  To find improper joinder because of the plaintiff's inability to state a claim against the nondiverse defendant, the Court must determine whether

---

[21]      R. Doc. 10.

there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id.* at 149 (quoting *Smallwood*, 385 F.3d at 573) (holding that the removing party must demonstrate that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Vaillancourt*, 771 F.3d at 847. The scope of the improper joinder inquiry is broader though, because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his claim. *Id.* (citation omitted). The Court must also consider all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff. *Int'l Energy Ventures*, 800 F.3d at 151. In addition, the Court must resolve all ambiguities of state law in favor of plaintiff. *Id.*

## III.  DISCUSSION

Conhagen specifically alleges two causes of action against Nelson: negligence and detrimental reliance.

Louisiana Civil Code article 2315 provides the general standard for tort liability under Louisiana Law—"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. Under Louisiana Supreme Court precedent, to state a claim for negligence, a plaintiff must allege that (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *See Davis v. Witt*, 851 So. 2d 1119, 1127 (La. 2003).

Louisiana Civil Code article 1967 provides the circumstances in which a claim for detrimental reliance may be appropriate: "A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. Civ. Code art. 1967. Under Louisiana Supreme Court precedent, to state claim for detrimental reliance, a plaintiff must allege (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *See La. Office of Risk Mgmt. v. Richard*, 125 So. 3d 398, 402 (La. 2013).

Here, the Court finds that Ruhrpumpen has not shown that there is no

7

reasonable basis for Conhagen to recover from Nelson for its conduct in allegedly misinforming Ruhrpumpen about the proper specifications for the NASA project and supplying Conhagen with Ruhrpumpen's price quote based on that misinformation.  Ruhrpumpen argues that Conhagen fails to state a legal claim against Nelson because Conhagen does not allege that Nelson "guaranteed or warranted Ruhrpumpen's Quotation" or "misstated Ruhrpumpen's Quotation."  Further, Ruhrpumpen argues that Conhagen's petition does not state that Nelson made any "promise" to Conhagen to support its detrimental reliance claim.[22]  But Conhagen is not required to use certain magic words that Ruhrpumpen would prefer to see in Conhagen's petition.  The following facts demonstrate that Conhagen has a reasonable basis for pursuing state-law claims against Nelson.

Conhagen alleges that Nelson acted as a liaison not only between Conhagen and the Healtheon, the general contractor, but also between Conhagen and Ruhrpumpen, the pump manufacturer.  According to the petition, after proposing that Conhagen use a Ruhrpumpen pump, Nelson solicited the original price quote from Ruhrpumpen in May 2014. Nelson then gave Conhagen Ruhrpumpen's quote, knowing that Conhagen would use it in

---

[22]    *Id.* at 5.

Conhagen's subcontracting bid to Healtheon.    This, according to Ruhrpumpen's own representative, is where the breakdown in communication occurred.   Conhagen alleges that when Ruhrpumpen gave it the final, more expensive price quote, Ruhrpumpen explained that when it generated the initial quote, it had "no spec[ifications] or real understanding of the job scope."[23]   Conhagen alleges that it relied on Nelson to supply Ruhrpumpen with the correct information for Ruhrpumpen to generate an appropriate price quote, as evidenced by Conhagen's incorporating the original quote into its subcontracting bid package, which Nelson's business partner, Healtheon, accepted.   Conhagen suffered damages when Ruhrpumpen confirmed a final price quote for the pump that was much higher than the price that Nelson originally communicated to Conhagen.   Even though Conhagen did not ultimately purchase the Ruhrpumpen pump, Conhagen's replacement pump was still more expensive than Ruhrpumpen's original quote.   Accordingly, the Court finds that Conhagen has plausibly alleged state-law causes of action against Nelson.   Therefore, Nelson is a properly joined defendant, and this Court lacks jurisdiction to adjudicate Conhagen's state-law claims.

---

[23]    R. Doc. 7-2 at 4 ¶ XXIII.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Conhagen's Motion to Remand.  The Court DENIES AS MOOT Nelson's Motion to Dismiss for Failure to State a Claim.


New Orleans, Louisiana, this   1st   day of December, 2015.


_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

10